UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN LAGUNAS-DUARTE (A-Number: 205-788-827),<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA; KRISTI NOEM, Secretary of the Department of Homeland Security; PAM BONDI, Attorney General of the United States; POLLY KAISER, Field Office Director, San Francisco Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; TONYA ANDREWS, Warden of Golden State Annex Detention Center,<br><br>Respondents. | No.  2:26-cv-00674-KES-SAB (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Hernan Lagunas Duarte is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for preliminary injunction.  Docs. 1, 10.  The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025

1

WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 11. While respondents oppose the petition, they "submit there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."[1] Doc. 13 at 1–3.[2]

As respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v.*

---

[1] Respondents note that petitioner was convicted of misdemeanor assault in violation of Utah Code § 76-5-102(2)+(3)(a) and misdemeanor disorderly conduct in violation of Utah Code § 76-9-102. Doc. 13 at 2. While these misdemeanor convictions are relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to such a determination. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Respondents do not argue that either misdemeanor offense would shift the statutory authority to detain petitioner from 8 U.S.C. § 1226(a), a statute under which petitioner is entitled to seek release on bond, to 8 U.S.C. § 1226(c), a statute which eliminates the right to seek bond for noncitizens with certain criminal convictions. *See* 8 U.S.C. § 1226(c); *see also Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1164–68 (9th Cir. 2006) ("[A] conviction for simple assault does not involve moral turpitude."); *In re Wu*, 27 I. & N. Dec. 8, 10–11 (BIA 2017) ("It is well established that a simple assault or battery that only requires offensive touching or threatened offensive touching of another committed with general intent that does not result in serious bodily harm is not considered to involve moral turpitude."). Respondents instead argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Doc. 13 at 2. That argument is incorrect for the reasons set forth in *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at *4–8 (E.D. Cal. Nov. 12, 2025).

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 13 at 3. But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

*Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ENJOINED AND RESTRAINED from detaining petitioner Hernan Lagunas-Duarte (A-Number: 205-788-827) unless they demonstrate, within fourteen (14) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

Respondents are ORDERED to provide petitioner with a copy of this Order immediately.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   March 17, 2026    _____
                          UNITED STATES DISTRICT JUDGE